IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONARD J. WILLIAMS,  )
        Petitioner  ) Civil Action
          ) 08-cv-00689
   vs.  )
          )
COMMONWEALTH OF PENNSYLVANIA,  )
THE DISTRICT ATTORNEY OF THE  )
  COUNTY OF PHILADELPHIA, and  )
THE ATTORNEY GENERAL OF THE  )
  STATE OF PENNSYLVANIA,  )
        Respondents  )

O R D E R

NOW, this 3rd day of March, 2011, upon consideration of the Petition for Writ of Habeas Corpus filed February 12, 2008 by petitioner pro se; upon consideration of the Response to the Petition for Writ of Habeas Corpus, which response was filed May 19, 2008 by respondents; upon consideration of the Report and Recommendation of United States Magistrate Judge M. Faith Angell filed June 18, 2008; upon consideration of petitioner's Objection[s] to the Report and Recommendation, which objections were filed June 26, 2008; upon consideration of the Response to Objections, which response was filed September 15, 2008 by respondents; it appearing after review of this matter that in her Report and Recommendation, Magistrate Judge Angell correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Angell is approved and adopted.

IT IS FURTHER ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Angell are overruled.[1]

---

[1] When objections to a report and recommendation of a magistrate judge are filed, I am required to make a de novo determination of those portions of the report, findings or recommendations to which there are objections. 28 U.S.C. § 636(b)(1); E.D.Pa.R.Civ.P. 72.1(IV)(b). Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the proposed findings and conclusions made by the magistrate judge. I may accept, reject or modify, in whole or in part, any of those findings or recommendations. Raddatz, supra.

Petitioner raises five objections: First, petitioner asserts that he was denied the right to a direct appeal because his attorney failed to file an appeal on his behalf. Second, petitioner argues that his court-appointed attorney and the federal defender's office informed him that he would have one year to file a habeas corpus petition beginning on May 1, 2007, the date of the last court action. Third, petitioner contends that Judge Eugene Maier "was biased from the beginning, he should not have been allowed to even hear Petitioner's case." Fourth, petitioner asserts that he should receive a certificate of appealability or have "this harsh sentence modified and corrected." Last, petitioner argues that he did not timely file his habeas corpus petition because he believed the applicable statute of limitations began on May 1, 2007 and his access to the prison law library was restricted.

Respondents contend that the habeas corpus petition is time-barred for the reasons set forth in the Report and Recommendation ("R&R"). Moreover, respondents aver that equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), does not apply to petitioner's claim because neither limited access to the prison law library, nor a mistaken belief regarding the correct filing deadline constitute an extraordinary circumstance warranting a suspension of the limitations period.

I first address petitioner's objections relating to the timeliness of the filing of the habeas corpus petition. Upon review of the R&R, together with de novo review of this matter, I conclude that the R&R correctly determines that petitioner's habeas corpus claims are time-barred, although my time calculations differ slightly from those set forth in the R&R.

The AEDPA, signed into law on April 24, 1996, imposes a one-year statute of limitations on state prisoners who seek federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). This one-year statute of limitations starts to run from the latest of the date on which: (A) the state court judgment became final; (B) the impediment, created by state action in violation of the United States Constitution or laws, which prevented filing is removed; (C) the constitutional right asserted was initially recognized by the Supreme Court, if the right is made retroactively applicable to cases on collateral review; or (D) the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

(Footnote 1 continued):

(Continuation of footnote 1):

    In this case, the applicable start date for the one-year AEDPA limitations period is the date on which the state-court judgment became final, either by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); see also Valasquez-Tapia v. Varano, 2009 WL 1812091, at *2 (E.D.Pa. Mar. 23, 2009)(Padova, J.).

    Petitioner pled guilty to three counts of delivery of a controlled substance (cocaine) and three counts of criminal conspiracy on February 27, 2003. R&R at 1-2. However, no direct appeal was filed. (R&R at 2.) As a result, petitioner's conviction became final on March 31, 2003, when the thirty-day filing deadline for a direct appeal to the Superior Court expired. Pa.R.App.P. 903(a). Although the calculation of the thirty-day filing deadline fell on Saturday, March 29, 2003, the deadline expired on Monday, March 31, 2003 pursuant to 1 Pa.C.S. § 1908. See Pa.R.App.P. 107. Accordingly, the one-year limitations period for petitioner to timely file a habeas corpus petition began on March 31, 2003, and absent any tolling, expired on March 31, 2004.

    As Judge Angell noted, however, the AEDPA provides for statutory tolling: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

    On February 20, 2004, petitioner filed a timely petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA). (R&R at 2.) At that time, approximately 11 months, or 326 days, of the one-year AEDPA limitations period had run, leaving petitioner with only 37 days remaining to file a timely habeas corpus petition. However, the AEDPA limitations period was tolled during the time that petitioner's PCRA petition was pending, from February 20, 2004 through May 1, 2007, when the Supreme Court of Pennsylvania denied allocatur review of petitioner's PCRA petition. See 28 U.S.C. § 2244(d)(2). Therefore, petitioner had until June 7, 2007 to file a timely habeas corpus petition in compliance with the AEDPA limitations period. However, petitioner filed the instant habeas corpus petition on February 11, 2008, approximately eight months after the statutory deadline.

    Thus, the petition is untimely unless the limitations period was further tolled. Although the AEDPA's limitations period is subject to equitable tolling, courts should be "sparing" in their use of equitable tolling. LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). A party seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 679 (2005). Specifically, a petitioner must show that he exercised reasonable diligence in investigating and bringing his claims; mere excusable neglect is insufficient. See, e.g., Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003); Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998).

    The United States Court of Appeals for the Third Circuit has explained that equitable tolling may be appropriate where: "(1) the defendant has actively misled plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). However, as Magistrate Judge Angell

(Footnote 1 continued):

(Continuation of footnote 1):

concludes, petitioner has not alleged, nor does the record support a finding, that this case presents circumstances which demand equitable tolling of the AEDPA limitations period.

Petitioner argues that his claim should not be dismissed as time-barred because his attorney informed him that he would have until May 7, 2008 to file his habeas corpus petition. However, the Third Circuit has held that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); see Lawrence v. Florida, 549 U.S. 327, 336-337, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924, 933 (2007) (rejecting the argument that equitable tolling applies where an attorney miscalculated the one-year statute of limitations because "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline").

Additionally, petitioner contends that his access to the prison law library was restricted. Specifically, petitioner contends that the law library was crowded; he was only permitted to go to the library after 2:00 p.m.; and his pass to go to the law library was cancelled on some days. Petitioner further asserts that his mobility was restricted because of regular lock-downs and his physical incarceration generally. These allegations do not constitute extraordinary circumstances which warrant equitable tolling. See, e.g., United States v. Bronson, 2009 WL 1813177, at *6 (W.D.Pa. June 25, 2009), which holds that petitioner's lack of access to the prison library will not warrant equitable tolling because petitioner did not allege that he lacked access to the library for a significant period of time or that he was denied other opportunities to access legal materials during the statutory period.

Moreover, the Third Circuit has suggested that one month is a sufficient period of time for a petitioner to file a pro se habeas corpus petition. Brown, 322 F.3d at 774. Alternatively, the Third Circuit has held that eleven months is an unreasonable time to wait to file a habeas corpus petition, Walker v. Frank, 56 Fed.Appx. 577, 582 n.5 (3d Cir. 2003), and this court has recently held a delay of approximately one hundred days to be unreasonable. Ragan v. Horn, 598 F.Supp.2d 677, 685 (E.D.Pa. 2009) (Brody, J.).

Here, petitioner filed his habeas corpus petition on February 11, 2008, approximately 8 months, or 249 days, after the AEDPA limitations period expired on June 7, 2007. Petitioner has not shown reasonable diligence or any other reason justifying his failure to file within a reasonable time after June 7, 2007. See Pace, 544 U.S. at 418, 125 S.Ct. at 1814, 161 L.Ed.2d at 679; Brown, 322 F.3d at 773. Therefore, petitioner's habeas corpus petition is time-barred. Because no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, I deny his request for a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-1604, 146 L.Ed.2d 542, 554-555 (2002).

Accordingly, I do not reach petitioner's two remaining objections, specifically, that petitioner was denied the right to a direct appeal and that the presiding judge was biased at his underlying state trial. Because I conclude that petitioner's claims are time-barred, I cannot legally reach the merits of his claims.

(Footnote 1 continued):

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

Therefore, I approve and adopt Magistrate Judge Angell's R&R, and overrule petitioner's objections to the R&R.